WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ray Romero, et al., | No. CV-16-03149-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Mendota Insurance Company, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion to Remand, (Doc. 8). For the following reasons the Court remands this action back to state court.

## BACKGROUND

Plaintiffs Ray Romero and Jacquelyn Romero ("Romeros") filed a breach of contract action against their insurance carrier, Defendant Mendota Insurance Company, ("Mendota"), on August 11, 2016 in the Superior Court of the State of Arizona. (Doc. 1-1.) The Romeros were covered under an automobile insurance policy by Mendota that included uninsured motorist coverage with limits of $25,000/50,000. (Doc. 1-1 at 3.) In October of 2015, the Romeros were hit by a hit and run driver. (*Id.* at 2.) They incurred medical expenses, lost wages, and other damages from the incident. (*Id.* at 3.) The Romeros allege that Mendota's failure to process their claims from this incident constitutes a breach of their contract, and a breach of its duty of good faith and fair dealing. (*Id.*) The Complaint does not allege any federal law claims. (Doc. 1-1.)

Mendota filed a Notice of Removal based on diversity jurisdiction on September 9, 2016.  (Doc 1.)  It is uncontested that Mendota is a foreign corporation operating in Arizona and the Romeros are Arizona citizens.  (Doc. 1-1 at 1.) The Romeros' Complaint does not list a specific amount of damages, but it does request compensatory as well as punitive damages.  (*Id.*)  According to their motion, "both Plaintiffs incurred a little less than $8,000 in medical treatment."  (Doc. 8 at 1.)  The Romeros also certified that their claims are not subject to compulsory arbitration under the Arizona Rules of Civil Procedure because the amount in controversy exceeds $50,000.  (Doc. 1-3 at 2.)   The Romeros filed this Motion to Remand based on the premise that the Defendant cannot establish that the amount in controversy requirement is met, and that they are entitled to their costs incurred during the removal.  (Doc. 8.)

**DISCUSSION**

**I.     Legal Standard**

Pursuant to the removal statute, 28 U.S.C. § 1441, any civil action brought in state court over which the federal district courts have original jurisdiction may be removed to the federal district court for the district where the action is pending.  28 U.S.C. § 1441(a).  Courts strictly construe the statute against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  There is a "strong presumption" against removal and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id*.  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.*  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."   28 U.S.C. § 1447(c); *see Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court.").

Where a complaint does not demand a specific dollar amount, the defendant "bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]."  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398,

404 (9th Cir. 1996); *see Matheson*, 319 F.3d at 1090 ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."). To meet its burden, Defendant "must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." *Sanchez*, 102 F.3d at 404; *see Gaus*, 980 F.2d at 566–67 ("If it is *unclear* what amount of damages the plaintiff has sought. . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.") (emphasis in original); *McNutt v. GM Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936) ("[T]he court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence.").

**II.    Defendant Did Not Provide Sufficient Evidence to Illustrate That it is More Likely Than Not that the Amount in Controversy Exceeds $75,000, and Thus This Case Must be Remanded.**

In order to successfully remove a lawsuit to federal court, the defendant must "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." *Sanchez*, 102 F.3d at 404. This standard requires the defendant to present specific facts in support of jurisdiction rather than relying on conclusory allegations. *See Matheson*, 319 F.3d at 1090–91 ("Conclusory allegations as to the amount in controversy are insufficient.").

A defendant must point to "the *underlying facts* supporting its assertion that" the amount-in-controversy requirement is met. *Gaus,* 980 F.2d at 567 (emphasis in original). Therefore, the "amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Defendants may submit "facts presented in the removal petition as well as any

summary judgment-type evidence relevant to the amount in controversy at the time of the removal." *Matheson*, 319 F.3d at 1090 (internal quotations omitted). Such evidence may include a settlement letter or a judicial admission by the plaintiff. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (accepting a plaintiff's judicial admission as evidence of the amount in controversy).

This is not a light burden for the defense, and "[w]here doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson*, 319 F.3d 1089, 1090 (9th Cir. 2003). In *Matheson*, the Ninth Circuit found that the fact that a plaintiff made three separate claims for damages in excess of $10,000 was insufficient to illustrate that the total amount in controversy exceeded $75,000. *Id.* at 1091. The Ninth Circuit explained that "how much 'in excess' is not explained," and that without additional facts it could not determine that the amount in controversy requirement was met. *Id.* Likewise, in *Valdez*, the Ninth Circuit held that a plaintiff's request for general damages in excess of $50,000 as well as an undisclosed amount of punitive damages was insufficient to establish that the amount in controversy requirement was met. *Valdez*, 372 F.3d at 1117.

Defendant Mendota did not establish that the amount in controversy requirement is met, and thus this case is remanded back to the state courts. The Romeros' policy had a $50,000 limit, and they certified that the claim was worth more than $50,000. (Doc. 1-1 at 3; Doc. 1 at 3.) However, beyond this, Mendota failed to allege specific facts to

- 4 -

Case 2:16-cv-03149-GMS   Document 14   Filed 11/16/16   Page 5 of 7

support its conclusory assertion that it is more likely than not that there is a "reasonable inference" that the "amount in controversy exceeds the sum of [$]75,000." (Doc. 1 at 3.)

Because "doubt regarding the right to removal exists," this case will be remanded back to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The Romeros assert that they each incurred a "little less than 8,000 dollars in medical treatment." (Doc. 8 at 1.) They did certify that their claims were in excess of $50,000, but as in *Matheson*, it is unclear "how much 'in excess.' " *Matheson*, 319 F.3d at 1091. Given the relatively low amount of their medical expenses, it does not seem likely that the total award would be over $25,000 in excess of $50,000. Therefore, in the face of "doubt regarding the right to removal," this case is remanded back to the Superior State Court of Arizona. *Matheson*, 319 F.3d at 1090.

### III.   **The Romeros' Request for Costs is Denied.**

Pursuant to § 1447(c), costs "incurred as a result of the removal" may be awarded to a plaintiff following an improper removal. 28 U.S.C. § 1447(c). However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Awarding costs for removal is the exception, not the rule. *See id.* ("If fee shifting were automatic, defendants might choose to exercise this right only in cases where the right to remove was obvious."). A decision to award fees under § 1447(c) "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general

- 5 -

matter, when the statutory criteria are satisfied." *Id.* at 140.

Defendant Mendota's attempt to remove this case was not unreasonable, and thus the Romeros' request for costs is denied. The Romeros' certified that this case was worth more than $50,000. (Doc. 1 at 3.) They are seeking punitive damages, and there is a chance that the ultimate resolution of this case exceeds $75,000. (Doc. 1-1 at 5.) Defendant Mendota did not allege sufficient facts to establish this by the preponderance of the evidence, but that does not mean that its attempt to do so is unreasonable. Furthermore, nothing in the record suggests that Defendant Mendota's attempt to remove this case was fueled by a desire to increase costs or prolong litigation. Therefore, the Romeros' request for fees is denied.

## CONCLUSION

Defendant Mendota failed to establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Therefore, this case must be remanded back to the Superior Court of the State of Arizona.

**IT IS THEREFORE ORDERED** that Plaintiffs Ray and Jacquelyn Romero's Motion to Remand (Doc. 8) is **GRANTED**. The Clerk of Court is directed to remand this action back to Maricopa County Superior Court and terminate this action.

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that Plaintiffs' request for attorneys' fees and costs is **DENIED**.

Dated this 16th day of November, 2016.

*G. Murray Snow*
Honorable G. Murray Snow
United States District Judge